IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**MICHAEL R. ELSON,**

      **Plaintiff,**

      v.

**RICE COUNTY, ET AL.,**

      **Defendants**

Case No. 22-3222-JWL-JPO

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff, a pretrial detainee in Rice County, Kansas, proceeds pro se. On October 4, 2022, the court entered an order to show cause (OSC) directing plaintiff to show why this matter should not be dismissed, or, in the alternative, to submit an amended complaint.

Plaintiff has submitted an amended complaint in which he sues two Lyons, Kansas, police officers and the Rice County District Attorney. The complaint alleges in Count 1, that defendant Issac McIver, one of the defendant police officers, lied under oath during plaintiff's preliminary hearing; in Count 2, that the second police officer, Angela Tolbasch-Winger, listened to telephone conversations between plaintiff and his wife at the jail and then spread rumors about them, slandered them, and lied about what they said[1]; and in Count 3, that the defendant district attorney, Remington Dalke, suborned perjury, violated due process, sought excessive bail, presented false charges and padded charges, and subjected plaintiff to false imprisonment.

---

[1] It is not clear whether plaintiff claims these acts have interfered with his criminal action; however, he has not otherwise asserted a claim of a constitutional violation.

As the court explained in the OSC, under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court ordinarily should not interfere with a pending state criminal action. This abstention principle extends to requests for monetary damages, where a judgment in the plaintiff's favor would have preclusive effects on the pending state court matter. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004)(citing *Gilbertson v. Albright*, 381 F.3d 965, 978–80 (9th Cir.2004) (en banc)). Plaintiff has offered no explanation why this matter should be allowed to proceed while his criminal case is pending.

Likewise, the OSC explained that the defendant prosecutor enjoys absolute immunity for his actions taken in the role of an advocate. In *Imbler v. Pachtman*, 424 U.S. 409 (1976), the Supreme Court recognized absolute immunity for a prosecutor's activities that are "intimately associated with the judicial phase of the criminal process." *Id.* at 430. Here, the defendant prosecutor is shielded by absolute immunity for the acts alleged by plaintiff, such as the decision to bring criminal charges against him and argument concerning bail.

For the reasons set forth, the court concludes this matter must be dismissed.

THE COURT THEREFORE ORDERS that this matter is dismissed.

THE COURT FURTHER ORDERS that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied as moot.

IT IS SO ORDERED.

Dated: October 20, 2022              /s/ John W. Lungstrum
                                     JOHN W. LUNGSTRUM
                                     UNITED STATES DISTRICT JUDGE